UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TYSHAWN S. ASKIA,

        Plaintiff,

        v.

ERIE COUNTY,
ERIE COUNTY CORRECTIONAL
FACILITY,
ERIE COUNTY SHERIFF'S OFFICE,
CHIEF GREEN,
CPT. SUNDBERG,
CPT. PRIESTER,
SHERIFF JOHN C. GARCIA,
WILLIAM J. COOLEY,
COMMISSION OF CORRECTION CPCRC,[1]
WILLIAM WHALEN, and
ALL C/O'S PRESENT,[2]

        Defendants.

---

Case # 25-CV-6377-FPG

ORDER



    *Pro se* Plaintiff Tyshawn S. Askia is confined at the Five Points Correctional Facility. He filed a complaint requesting relief under 42 U.S.C. § 1983 alleging correction officers violated the Fourteenth Amendment by using excessive force against him when he was a pretrial detainee at the Erie County Correctional Facility. ECF Nos. 1, 2. He submitted a motion to proceed *in forma pauperis* ("IFP") with the required affirmation, certification, and authorization. ECF No. 3.

    Because Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants the motion to proceed IFP and screens the complaint (ECF No. 1) and amended complaint (ECF

---

[1] CPCRC is the acronym for the New York State Commission of Correction's Citizens Policy and Complaint Review Council. *See Warren v. Cheverko*, No. 17-CV-0790 (NSR), 2018 WL 1399200, at *5 n.6 (S.D.N.Y. Mar. 19, 2018) (summarizing the role of the CPCRC in county jail inmate grievance procedures).

[2] The Clerk of Court shall amend the docket sheet to reflect the defendants captioned above.

No. 2) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b). This order does not address allegations made in this case that are duplicative of allegations made in Plaintiff's earlier filed case, *Askia v. Steinhaus*, Case No. 24-CV-6390 (June 20, 2024).[3] For the reasons that follow, claims against the Erie County Correctional Facility ("ECCF") and the Erie County Sheriff's Office are dismissed without leave to amend. The complaint and amended complaint are otherwise dismissed with leave to amend. Plaintiff may file a second amended complaint as directed below by no later than January 6, 2026.

## DISCUSSION

### I.    Legal Standards

#### A.    Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

#### B.    Pleading Standards

In evaluating a complaint, a court must "accept all factual allegations as true and must draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*,

---

[3] More specifically, this order does not assess or discuss any claims against Robert D. Steinhaus and his law firm; Robert N. Goldstein; Erie County Bar Association / Committee on Grievances, David G. Brock, Chair; New York State Eighth District Attorney Grievance Committee, Chief Counsel, Chairperson, Investigator; Craig E. Semple; Cydney A. Kelly; Pamela Thibodeau; or Judge Deborah L. Haendiges. Those claims have been screened in an order that is being entered contemporaneously herewith in *Askia v. Steinhaus*, Case No. 24-CV-6390.

357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting Twombly, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

C.      **Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

D.      **Leave to Amend**

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131

4

(2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II.   Allegations[4]

On August 22, 2023, ECCF correction officers repeatedly punched and kicked Plaintiff. ECF No. 2 at 7.  Thereafter, Plaintiff was not permitted to speak by phone with his family for seven months.  *Id.*  Plaintiff suffered scarring to his head and face.  *Id.*  He also suffered mental trauma, which requires medication.  *Id.*  Plaintiff sues the defendants in individual and official capacity.  *Id.* at 6, 8.  He seeks $7 million in damages.  *Id.* at 7.

## III.   Analysis

### A.   Claims Dismissed without Leave to Amend

All claims against ECCF and the Erie County Sheriff's Office are dismissed because "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Perros v. County of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) (citation modified); *see McKenzie v. County of Erie*, No. 12-CV-912S, 2013 WL 5348084, at *2 (W.D.N.Y. Sept. 23, 2013) (dismissing claims against "[Erie County] Department of the Sheriff, the Erie County Holding Center, the Erie County Department of Health, and the Erie County Department of Mental Health" because "[e]ach of these departments is merely an administrative arm of the County, and they therefore lack the capacity to be sued") (collecting cases); *Nowlin v. 2 Jane Doe Female Rochester N.Y. Police Officers*, No. 11-CV-712Sc, 2012 WL 1415704, at *2 (W.D.N.Y. Mar. 23, 2012) (dismissing defendant Monroe County Jail because it "is merely an administrative arm of the County of Monroe"); *Ceparano v. Suffolk County*, No. 10-CV-2030-SJF-ATK, 2010 WL

---

[4] The Court accepts Plaintiff's allegations as true for purposes of screening his complaint.  Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

5437212, at *6 (E.D.N.Y. Dec. 15, 2010) (dismissing various county departments as non-suable entities).

Moreover, a county jail is not a person within the meaning of § 1983 and therefore, "is not a proper party for a § 1983 claim." *Michel v. Orange County, N.Y.*, No. 22-190-PR, 2024 WL 461693, at *3 (2d Cir. Feb. 7, 2024) (summary order) (citing *Whitley v. Westchester County*, No. 97 CIV. 0420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) ("To proceed under 42 U.S.C. § 1983, the plaintiff must name the 'person' who violated or caused the violation of plaintiff's constitutional rights. A prison facility . . . is not a person within the meaning of § 1983.")).

Claims against the ECCF and the Erie County Sheriff's Office are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Because amendment would be futile, these claims are dismissed without leave to amend.

### B. Claims Dismissed with Leave to Amend

### 1. Official Capacity Claims and Claims Against Erie County

To hold a county or its officials sued in official capacity liable under § 1983, a plaintiff must show that the challenged action was performed pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff makes no allegations plausibly suggesting any such claim. Consequently, any claims against Erie County or the individual defendants in official capacity are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but with leave to amend.

To hold Erie County or its officials sued in official capacity liable under § 1983, in a second amended complaint Plaintiff must allege facts that show: "(1) an official policy or custom that (2)

6

cause[d] [him] to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks and citations omitted).

An official policy or custom can be shown by any of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (citing cases).

### 2. Personal Involvement

Plaintiff makes no factual allegations concerning unconstitutional conduct by Chief Green, Cpt. Sundberg, Cpt. Priester, Sheriff John C. Garcia, William J. Cooley, the Commission of Correction CPCRC (or any member thereof), or William Whalen. Claims against these defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim but with leave to amend. A second amended complaint must allege how each defendant, through his or her own individual actions, violated Plaintiff's rights protected by the Constitution or federal law. *Tangreti*, 983 F.3d at 618.

### 3. Excessive Force

The Fourteenth Amendment's "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Thus, to establish a Fourteenth Amendment excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97.

Plaintiff alleges that he was repeatedly kicked and punched by ECCF correction officers, but his allegations do not show that this use of force was objectively unreasonable. ECF No. 2 at

7. Consequently, this claim must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but Plaintiff may amend.

To plausibly allege this claim in a second amended complaint, Plaintiff must include facts that show the Court that the use of force against him was objectively unreasonable. Such facts might, for example, describe the events leading up to the use of force, explain why the correction officers could not have perceived him as a threat, or show the Court that he did not actively resist any use or attempted use of force. *See Edrei v. Maguire*, 892 F.3d 525, 537 (2d Cir. 2018) (in assessing whether a government's use of force was objectively unreasonable courts examine "the need for force, the relationship between the need and the degree of force used, and the extent of the injury").

### 4. Communication

Plaintiff alleges that he was not allowed to speak with his family on the phone for seven months after the alleged use of excessive force. ECF No. 2 at 7. This threadbare allegation does not plausibly allege any claim. Noticeably absent are facts that tell the Court who suspended Plaintiff's phone privileges or explain why his phone privileges were suspended. Moreover, Plaintiff does not make clear whether he intended to assert a claim based on this allegation. Consequently, this claim must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but Plaintiff may attempt to replead. In repleading, Plaintiff should keep in mind that for each claim, his allegations should at a minimum, include facts indicating who harmed him and how, when and where the injury occurred, a description of the injury suffered, the relief he requests, and why he believes he is entitled to that relief.

**CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed IFP (ECF. No. 3) is granted.

For the reasons set forth above, the complaint and amended complaint are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff may file a second amended complaint by **January 6, 2026** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that a second amended complaint will **completely replace** the prior complaint and amended complaint in this action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, a second amended complaint must include all allegations against each defendant so that the second amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims discussed above.  A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend.  *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

In drafting his second amended complaint in this action, Plaintiff should not attempt to assert any claims that he asserted in *Askia v. Steinhaus*, Case No. 24-CV-6390 (June 20, 2024). The complaint in *Steinhaus* case has been screened and that screening order is being entered contemporaneously with this order.

9

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP (ECF No. 3) is GRANTED; and it is further

ORDERED that claims against the Erie County Correctional Facility and the Erie County Sheriff's Office are dismissed without leave to amend; and it is further

ORDERED that Plaintiff's remaining claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) but with leave to amend; and it is further

ORDERED that Plaintiff may file a second amended complaint as directed above by no later than **January 6, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Plaintiff with this order a copy of the original complaint and the amended complaint (ECF Nos. 1, 2), a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file a second amended complaint by the deadline set forth above, the claims dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) will remain dismissed and the Clerk of Court shall close this case as dismissed with prejudice without further order; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

10

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated:    _____ , 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

11